NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LEZQUAN BATTS, | : | |
| | : | Case No. 24-8717 (BRM)(JSA) |
| Plaintiff, | : | |
| | : | |
| v. | : | OPINION |
| | : | |
| PREA ACCOMODATION COMMITTEE, | : | |
| *et al.* | : | |
| | : | |
| Defendants. | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is *pro se* plaintiff Lezquan Batts's[1] ("Plaintiff") civil rights complaint ("Complaint"), filed pursuant to 42 U.S.C. § 1983 (ECF No. 1) and her application to proceed *in forma pauperis* ("IFP") (ECF No. 5). Based on Plaintiff's affidavit of indigence (ECF No. 5), the Court grants her leave to proceed IFP and orders the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Complaint is **DISMISSED** in its entirety.

---

[1] The docket indicates Plaintiff's name is Lequan Batts, however, the Complaint indicates Plaintiff's name is Lezquan Batts.

I. **BACKGROUND**

The Court will construe the allegations in the Complaint as true for the purposes of this Opinion. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Plaintiff is a prisoner confined at Northern State Prison in Newark, New Jersey. Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants PREA Accommodation Committee and Jane and John Doe (1-10). (ECF No. 1 at 1.)

According to the Complaint, in May 2024, Plaintiff had her "full minimum status" revoked, resulting in removal from the "minimum camps" and placement in general population, with single cell status. (ECF No. 1 at 4.) Plaintiff submits the New Jersey Department of Corrections ("NJ DOC") internal management procedure "ensures the rebuttable presumption to live in line with [Plaintiff's] gender identity." (*Id.*) In February 2024, NJ DOC was put on notice that Plaintiff is transgender. (*Id.*) Plaintiff claims that within three days of being notified that Plaintiff is transgender, the NJ DOC "1PCM"[2] shall confidentially meet with the inmate. (*Id.*) Plaintiff alleges there are no rules or policies in the inmate handbook that provide the inmate with an opportunity to "express their own views with respect to safety and housing." (*Id.*)

The Complaint submits Plaintiff has a protected liberty interest to be free from retaliation for filing grievances. (*Id.*)

On July 8, 2024, Plaintiff was given notice that he would be having a hearing before Sergeant Jones, and not the 1PCM. (*Id.*) Plaintiff was not informed she was entitled to have counsel present. (*Id.* at 5.) It appears Plaintiff is claiming Defendants "PAC"[3] unlawfully participated in

---

[2] The Complaint does not define 1PCM.

[3] While the Complaint does not define PAC, Plaintiff names Defendants "PREA Accommodation Committee Jane and John Doe 1-10" and indicates Defendants will be referred to as "PAC" in the Complaint. (ECF No. 1 at 1.)

2

the hearing. (*Id.*) The Complaint submits Defendants did not fairly put Plaintiff on notice as to what "conduct is prohibited," nor did Defendants "protect the transgenders public interest." (*Id.*) Plaintiff claims she was asked "privileged questions" about criminal proceedings. (*Id.*) The Complaint alleges the board is made up of "cisgender males and females" with "no known transgender women," making the board unable to make decisions on transgender care. (*Id.* at 6.) Plaintiff claims the NJ DOC fails to provide transgender women access to adequate medical care. (*Id.*)

Plaintiff seeks monetary relief.

## II. LEGAL STANDARD

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"

---

The Prison Rape Elimination Act of 2003 ("PREA"), is a federal law dealing with the sexual assault of prisoners. *See* 34 U.S.C. §§ 30301-30309 (2012). Plaintiff indicates that Defendants are members of a PREA subcommittee "responsible for making individualized determinations about transgender, intersex, or non-binary incarcerated persons, privacy, house, and program assignments." (ECF No. 1 at 1.)

3

556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### III. DECISION

#### A. First Amendment Claim

Plaintiff states that she is raising a First Amendment retaliation claim against Defendants. (ECF No. 1 at 4.) The Complaint submits Plaintiff has a protected liberty interest to be free from retaliation for filing grievances. (*Id.*)

To state a plausible First Amendment retaliation claim, a prisoner must allege that: (1) she engaged in constitutionally protected conduct; (2) she suffered an adverse action sufficient to deter a person of ordinary firmness from exercising her constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action. *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001); *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003); *Coit v. Garman*, 812 F. App'x 83, 86 (3d Cir. 2020) (per curiam).

"An adverse consequence 'need not be great in order to be actionable[;]' rather, it need only be 'more than de minimis.'" *Watson v. Rozum*, 834 F.3d 417, 423 (3d Cir. 2016) (quoting *McKee v. Hart*, 436 F.3d 165, 170 (3d Cir. 2006)). "[B]eing placed in lockdown, being moved to restricted housing, and being issued misconduct charges are more than 'de minimis' adverse actions." *See Palmore v. Hornberger*, 813 F. App'x 68, 70 (3d Cir. 2020) (per curiam) (quoting *McKee*, 436 F.3d at 170); *see also Mitchell*, 318 F.3d at 530-31 ("Mitchell's allegation that he was falsely charged with misconduct in retaliation for filing complaints against Officer Wilson implicates conduct protected by the First Amendment."). The timing of the allegedly retaliatory behavior relative to the constitutionally protected conduct may establish a causal link between the two for purposes of establishing motivation. *See Watson*, 834 F.3d at 422.

The Complaint fails to plead facts to state a First Amendment retaliation claim. The Complaint fails to include facts regarding what specific retaliatory behavior the Defendants

participated in. However, if Plaintiff is claiming Defendants retaliated against Plaintiff through the alleged inadequacies in her "hearing" and the decision to move her to a single inmate cell, Plaintiff also does not plead facts regarding when her grievances were submitted. The factual allegations in the Complaint fail to show any temporal proximity between Plaintiff's filing of grievances and the alleged retaliatory conduct. *See Revell v. City of Jersey City*, 394 F. App'x 903, 907 (3d Cir. 2010) (finding that allegedly retaliatory action taken one year later did not "satisfy the standard of 'an unusually suggestive temporary proximity'"); *see also CM. v. Bd. of Educ. of Union Cty. Reg'l High Sch. Dist.*, 128 F. App'x 876, 883 (3d Cir. 2005) (finding that a three-month period between protected conduct and allegedly adverse action was "not so close as to be unusually suggestive of retaliatory motive"). Plaintiff, accordingly, has failed to state a claim for First Amendment retaliation against Defendants and the claim is dismissed without prejudice.

### B. PREA

To the extent Plaintiff seeks to assert a claim for violation of the PREA, any such claim is dismissed. "[Although] the PREA was intended in part to increase the accountability of prison officials and to protect the Eighth Amendment rights of Federal, State, and local prisoners, nothing in the language of the statute establishes a private right of action." *See Walsh v. N.J. Dep't of Corr.*, No. 17-2442, 2017 WL 3835666, at *4 (D.N.J. Aug. 31, 2017); *see also Krieg v. Steele*, 599 F. App'x 231, 232 (5th Cir. 2015) (holding that "other courts addressing this issue have found that the PREA does not establish a private cause of action"); *Frederick v. Snyder Cnty. Prison*, 2019 WL 1348436, at *4 (M.D. Pa. Mar. 22, 2019) (same). Thus, Plaintiff cannot "bring a private action to enforce obligations set forth in the PREA, whether through the statute itself or through [an] attempt to enforce the [institution's] PREA policy via section 1983." *See Bowens v. Ernps. of the Dep't of Corr.*, 2016 WL 3269580, at *3 (E.D. Pa. June 15, 2016), *aff'd, Bowens v. Wetzel*, 674 F.

6

App'x 133, 137 (3d Cir. 2017). Accordingly, any claims premised upon violations of the PREA are dismissed as a matter of law.

### C. The Eighth Amendment Claim

Plaintiff acknowledges that the PREA does not establish a private cause of action, however, she argues that Defendants violated her rights to be free from cruel and unusual punishment. (ECF No. 1 at 9.)

The Eighth Amendment imposes duties on prison officials "who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates[.]'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Hudson v. Palmer*, 468 U.S. 517, 526–527 (1984) (additional citations omitted)); *accord Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 256 (3d Cir. 2010).

The subjective component of an Eighth Amendment conditions of confinement claim demands a showing that "prison officials are deliberately indifferent to [the prisoner's] plight." *Id.* at 35. "[D]eliberate indifference describes a state of mind more blameworthy than negligence[.]" *Farmer*, 511 U.S. at 835. The Supreme Court explained the standard as follows:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837. If the official did not perceive a significant risk, his conduct "cannot . . . be condemned as the infliction of punishment." *Id.* at 838.

Plaintiff does not allege facts regarding how being placed in a single inmate cell caused an excessive risk to Plaintiff's safety. The Complaint is devoid of factual allegations that Defendants

7

were aware of a substantial risk of serious harm to Plaintiff. Plaintiff fails to state an Eighth Amendment deliberate indifference claim. Therefore, this claim is dismissed without prejudice.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is dismissed without prejudice. Plaintiff has thirty days to file an amended complaint to cure the deficiencies discussed above. An appropriate Order follows.

Dated: December 7, 2024

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**